## ISRAEL JARED

### v.

## VANVLEET & JOHNSON.

1. STATUTE OF LIMITATIONS—AGREEMENT.—The agreement in this case not to set up the Statute of Limitations can not be extended beyond the matters properly cognizable in the first suit, and since the matters embraced in this suit were not included in that agreement, appellant can not be estopped thereby from relying upon that defense in the present case.

2. ADMISSIONS—PREPONDERANCE OF EVIDENCE.—The preponderance of the evidence in regard to the admission of appellant, as to the partnership account in the first suit is, that the admission was limited to the suit on trial, and was not intended to revive the right of action barred by the Statute of Limitations.

APPEAL from the Circuit Court of McDonough county; the Hon. J. H. WILLIAMS, Judge, presiding. Opinion filed November 22, 1883.

McCULLOCH, P. J. Before the commencement of this suit appellant had sued Anthony Vanvleet, one of the appellees, before a justice of the peace, on an open account. Vanvleet filed an account he had against appellant as a set-off, upon which accounts a trial was had and a judgment rendered. It appears from the evidence that before proceeding to the trial in that case a conversation took place between the attorneys of the respective parties which resulted in an agreement that neither party should set up the Statute of Limitations as a defense to their respective claims. We do not understand this agreement to have had reference to any matter outside of the claims that could be determined in that suit. During the

progress of the trial it turned out in the evidence that a portion of the claim which Vanvleet was seeking to set off against that of appellant was a partnership account of Vanvleet & Johnson, the appellees in this suit, and for that reason the same was ruled out by the justice before whom the case was tried. Thereupon, Vanvleet & Johnson, as partners, commenced this suit against appellant to recover for the same items which had been disallowed by the justice. Appellant relied upon the Statute of Limitations for his defense as to all the items of the account sued upon except the last. There is no controversy as to the right of action having accrued more than five years before the commencement of this suit; and even if the last item did come within the five years, it could not have drawn the others to it, inasmuch as there were no mutual accounts existing between the parties.

It is contended on the part of appellees, that the bar of the statute was removed by an admission made by appellant during the progress of the first named suit. The attorney who appeared for Vanvleet in that suit testified in this case, that after the items of account sued for had been objected to on the former trial, he proposed to go on and prove them up and argue the question of their being allowed at the close; whereupon the attorney for appellant said, "You need not mind proving up those threshing accounts, we admit they are all right, but they can't come in this suit." Vanvleet's attorney then said, "And that they have not been paid?" Appellant's attorney then said, "Yes;" and addressing appellant, who sat by him, said, "Don't we?" and appellant replied, "Yes."

It requires a very strained construction of this language to make it mean that appellant thereby intended to admit the existence and non-payment of an indebtedness to appellees in such sense as to revive the right of action once barred by the Statute of Limitations. The object of the admission seems to have been to dispense with the proof proffered by the attorney for Vanvleet, and for no other purpose whatever. Other evidence in the case establishes this fact beyond controversy. Vanvleet's attorney testifies that appellant's attor-

Jared v. Vanvleet & Johnson.

ney did not say that the admission was limited to the suit on trial; but in this he is overwhelmed by the other witnesses. Vanvleet himself testifies that the language used was, " For the purpose of this case I will admit that these partnership accounts are all right." Without discussing the evidence in detail, we will say that it greatly preponderates in favor of appellant upon this point. This being so, the bar of the statute was not removed. As already remarked, we do not think the agreement not to set up the Statute of Limitations can be extended beyond the matters properly cognizable in the first suit, and since the matters embraced in this suit were not included in that agreement, appellant can not be estopped thereby from relying upon that defense in the present case.

The fifth instruction given for appellees, relating to such estoppel, was erroneously given, there being no evidence to support it.

For these reasons the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.